## BROWN v. CITY OF OWOSSO.

1. PLEADING—AMENDMENTS—CONTINUANCE.
   Where, in an action against a city for personal injuries, the declaration avers that the plaintiff fell over a loose plank upon a sidewalk, the court may, without granting a continuance, allow an amendment that the plank was a part of the walk.

2. SIDEWALKS—NOTICE OF DEFECTS.
   Where, in an action against a city for an injury caused by a loose plank, it is shown that the walk was recently repaired, and no proof is offered of any loose planks between that time and the time of the injury, evidence is admissible to show that the walk was old, the stringers rotten, and in places would not hold nails, and that the repairs did not include new stringers, as tending to show that the city had notice of the defect.

3. SAME—EVIDENCE—CONDITION OF WALK AFTER ACCIDENT.
   Evidence is admissible to show that, upon taking up the walk soon after the accident, the stringers were badly decayed, as it tends to show the actual condition.

4. SAME—KNOWLEDGE OF DEFECT—CONDITION OF WALK IN OTHER PLACES.
   Where a strip of wooden walk is put down at one time, of uniform material, it may be presumed to decay with some de-

gree of uniformity; and, if the particular plank which caused
an accident is unknown, it is competent to show the condition
of the walk in other places, as evidence justifying the infer-
ence of knowledge on the part of the city authorities.

5. DEFECTIVE SIDEWALKS—OPINIONS OF WITNESSES.
    A city is not injured by a ruling of the court which excludes
    the opinion of its witness as to the safety of a walk, and ad-
    mits it so far as it tends to show the actual condition of the
    walk.

Error to Shiawassee; Smith, J. Submitted January 8,
1902. (Docket No. 13.) Decided March 18, 1902.

Case by Minnie Brown against the city of Owosso for
personal injuries. From a judgment for plaintiff, defend-
ant brings error. Affirmed.

*Watson & Chapman*, for appellant.

*Selden S. Miner* and *Norton & Dooling*, for appellee.

HOOKER, C. J. The plaintiff recovered a judgment
against the defendant for injuries received by falling upon
its sidewalk. She claims to have been tripped by a loose
board, one end of which flew up when her husband
stepped upon the other end. It is claimed that the decla-
ration, as originally filed, alleged that she fell over a loose
plank *upon* the walk, and the point was made that this
was not a sufficient allegation that it was a part of the
walk to sustain a verdict. The court permitted an amend-
ment and refused a continuance. Error is assigned upon
this. We are satisfied that the declaration needed no
amendment, and it was not error for the court to permit
an amendment to save a possible question.

The testimony was not clear as to the exact point where
the accident occurred, and there was proof admitted tend-
ing to show that there were several planks loose at the
time, and that when the walk was taken up, a little later,
a number of the stringers were rotten, and would not hold
nails. There was also testimony tending to show that the

walk was old, and had been recently repaired. It is claimed by defendant's counsel that the walk was repaired on the 23d of May, and that there was no proof offered to show that there were defects after May 23d until the day of the accident, *i. e.*, May 29th. The testimony shows, and it is uncontradicted, that the walk was repaired on May 23d; and there is no clear testimony that there were any loose boards after that until this accident happened, or, at any rate, until the Sunday morning previous to the evening when it occurred. Unless there is something in the testimony to indicate that this repairing was not properly done, the city could not be said to have notice that the defect existed. The plaintiff offered testimony tending to show that the walk was old, and that the stringers were rotten, and in places would not hold nails, and that the repairs made did not include new stringers, and claimed that the city, with notice of these conditions, failed to put the walk in a condition that could be called safe. We are of the opinion that it was proper to leave this question to the jury. If the walk was so notoriously old and rotten that the city should have known that nails would not hold, it was incumbent upon it to make repairs sufficiently substantial in character to justify them in believing that it was reasonably safe. It was proper to receive evidence that upon taking up the walk, soon after the accident, the stringers were badly decayed, as it tended to show the actual condition. Whether the actual condition as thus shown tended to prove notice or not, is another question. Standing alone, it might not; but, taken in connection with an attempt to repair, it might, for one driving nails into rotten wood might ascertain that it was rotten, and one supplying new boards, or even replacing old ones, would have an opportunity to see the stringers, and learn something of their condition and the general character of the walk.

It is urged that the testimony should have been limited to the particular defect, and that it was not competent to prove the condition of the walk in other places. This is

true, unless there is a fair presumption, arising from the condition elsewhere, that the particular defect existed. When a strip of wooden walk is put down at one time, of uniform material, it is not unreasonable to suppose that it will wear out and go to decay with some degree of uniformity. Hence those facts may be shown, and the general condition of such a piece of walk may become important evidence. In this case the exact board which caused the accident was unknown. If it appeared that the walk was old and several boards were loose, it tended to show a necessity for repair, which, if sufficiently long continued, might be accepted by the jury as evidence justifying the inference of knowledge on the part of the authorities.

Error is assigned upon some rulings whereby witnesses for the defendant were asked to express an opinion as to the condition of the walk. The court attempted to exclude their opinions as to the safety of the walk, as trenching upon the province of the jury, and apparently designed to admit the testimony so far as it tended to show the true condition of the walk. We think the defendant was not injured by these rulings. The testimony of the witnesses admitted fairly covered the ground.

We think it unnecessary to discuss other questions, further than to say we find no error in the charge.

The judgment is affirmed.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.